**Philip P. KALODNER, Plaintiff–Appellant,**

v.

**Spencer ABRAHAM, Secretary of Energy, George B. Breznay, Director, Office of Hearings and Appeals, Eric J. Fygi, Acting General Counsel, and Thomas L. Wieker, Deputy Director, Office of Hearings and Appeals, Defendants–Appellees.**

**No. 02–1148.**

United States Court of Appeals, Federal Circuit.

DECIDED: June 2, 2003.

Rehearing and Rehearing En Banc Denied Aug. 13, 2003.

Before RADER, SCHALL, and PROST, Circuit Judges.

### ORDER

SCHALL, Circuit Judge.

Philip P. Kalodner notifies the court that the United States Court of Appeals for the District of Columbia Circuit has issued its decision in Kalodner's appeal from the same district court decision. The Secretary of Energy et al. (Secretary) responds.

Kalodner filed suit in the United States District Court for the District of Columbia seeking review of a decision of the Department of Energy (DOE) denying his claim for attorney fees from a restitution fund established through a settlement between DOE and Occidental Petroleum Corporation. The district court determined that Kalodner's complaint failed to state a claim upon which relief could be granted and entered judgment on the pleadings in favor of the Secretary of Energy. Kalodner filed notices of appeal directed to both this court and the DC Circuit. Kalodner urged us to stay our proceedings on the ground that the DC Circuit had jurisdiction and we did so. The DC Circuit recently determined that Kalodner's claim was barred by the doctrine of sovereign immunity and affirmed the district court's judgment. *Kalodner v. Abraham*, 310 F.3d 767 (D.C.Cir.2002). In its opinion, the DC Circuit stated that neither "the complex jurisdictional issues in this case, including whether appellate jurisdiction is with this court or the Federal Circuit nor the merits of Kalodner's common fund claim require our attention, for Kalodner's suit is barred by sovereign immunity." *Kalodner v. Abraham*, 310 F.3d 767, 769 (D.C.Cir.2002) (citations omitted). The DC Circuit subsequently denied Kalodner's petition for panel rehearing and rehearing en banc.

Kalodner nevertheless requests that the court allow this appeal to proceed to oral argument and review by a merits panel. Kalodner argues that the DC Circuit's failure to decide expressly that it had jurisdiction clears the way for this court to assume jurisdiction and decide the sovereign immunity issue anew. In response, the Secretary notes that Kalodner has made a

"180 switch in his position about which circuit has appellate jurisdiction over the appeal" and argues that Kalodner is barred by the doctrine of res judicata from relitigating the question of sovereign immunity.

■ The application of res judicata is not a matter within the exclusive jurisdiction of this court. Thus, this court applies the law of the circuit in which the district court sits, *Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.,* 170 F.3d 1373, 1381 n. 4 (Fed.Cir.1999), the DC Circuit in this case. The DC Circuit has stated that "[t]he doctrine of res judicata prevents repetitious litigation involving the same causes of action or the same issues.... Under the claim preclusion aspect of res judicata, a final judgment on the merits in a prior suit involving the same parties or their privies bars subsequent suits based on the same cause of action." *I.A.M. Nat'l Pension Fund, Benefit Plan A v. Industrial Gear Manuf. Co.,* 723 F.2d 944, 946–47 (D.C.Cir.1983). Kalodner has already litigated his claim in the DC Circuit and is barred from relitigating his case in this court.*

We agree with the Secretary that Kalodner's appeal should be dismissed.

Accordingly,

IT IS ORDERED THAT:

(1) Kalodner's appeal is dismissed.

(2) Each side shall bear its own costs.

---

* With respect to Kalodner's argument that the DC Circuit improperly decided the issue of sovereign immunity without determining whether it had jurisdiction, we note that in some circumstances appellate courts properly reach the merits of a dispute without first resolving jurisdictional issues. *See e.g., Nippon Steel Corp. v. United States,* 219 F.3d 1348 (Fed.Cir.2000) (reaching decision on merits without addressing jurisdictional issues where merits issue and jurisdictional issue were "inextricably intertwined"); *Decker v. West,* 76 F.3d 1573 (Fed.Cir.1996) (affirming decision on merits without deciding contested jurisdictional issue).